EDWARD J. McFEELY, PROSECUTOR, v. BOARD OF PENSION COMMISSIONERS OF THE CITY OF HOBOKEN AND JAMES CHIRICHELLA, RESPONDENTS.

Argued May 5, 1948—Decided June 1, 1948.

Before Justices DONGES, COLIE and EASTWOOD.

For the prosecutor, *Markley & Broadhurst* (*Edward A. Markley* and *James J. Langen,* of counsel).

For the respondents, *Dominick R. Rinaldi* (*E. Norman Wilson,* of counsel).

The opinion of the court was delivered by

Cⱺⱺɪᴇ, J. This writ of *certiorari* was allowed to review a resolution of the Board of Pension Commissioners of Hoboken adopted August 21st, 1947, purporting to rescind a prior resolution dated May 15th, 1947, which latter resolution retired Edward J. McFeely from service in the police department of Hoboken.

Prosecutor, when he applied for a pension on June 6th, 1945, was chief of police of Hoboken and had then served in excess of twenty years in the department and was sixty-one years of age. On May 15th, 1947, the Board of Pension Commissioners passed a resolution reciting that whereas prosecutor had served honorably in the police department for thirty-seven years and had reached the age of sixty-three years "he is hereby retired on a pension of $3,095.83 per annum." Thereafter prosecutor received neither his salary as chief of police nor the pension awarded to him. On August 21st, 1947, the Board of Pension Commissioners adopted a further resolution to the effect that by the resolution of May 15th, 1947, the board "inadvertently granted or attempted to grant a pension to Edward J. McFeely" and then resolved that the earlier action "be and the same is hereby rescinded and set aside as being null and void."

The personnel of the board which adopted the resolution granting the pension was composed of different individuals from those composing the board which adopted the resolution of rescission. We state the fact without comment and pass to the legal questions involved.

The statute under which prosecutor applied for a pension is *R. S.* 43:16–1 (as amended *Pamph. L.* 1938, *ch.* 104, *p.* 224) and provides that "In all municipalities any policeman or fireman or member of the police or fire department, including members of the fire departments of any fire

district located in any township which has or shall adopt the provisions of this act, and including all police officers having supervision or regulation of traffic on county roads, who shall have served honorably in the police or fire department for a period of twenty years and reached the age of fifty years, shall, on his own application, be retired on half pay. Any member of the police or fire department including members of the fire department of any fire district as aforesaid who shall have served honorably for a period of twenty years and reached the age of sixty-five years shall be retired on half pay."

It is settled that where a policeman or fireman has met the requirements of *R. S.* 43:16–1 as to age and honorable service for the period provided therein, he is entitled to retirement and there is no discretionary right in the Board of Pension Commissioners to deny it to him. *Beronio* v. *Pension Commission,* 129 *N. J. L.* 557; *affirmed,* 130 *Id.* 620; *Schliske* v. *Firemen's, &c., Pension Fund Commission,* 133 *Id.* 249.

It remains only to comment upon respondents' argument that prosecutor was disentitled to a pension because he had not "served honorably." The argument is based upon the fact that there were several pending indictments against the prosecutor. Respondents point to no authority to the effect that the indictment of a police officer is evidence of dishonorable conduct but rest their argument upon cases holding that a conviction for malfeasance works a forfeiture of pension rights. It hardly need be said that that line of decisions is not applicable to the present situation.

The resolution under review is set aside, with costs.